UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE FINANCE LLC, | ) ) ) ) ) | |
| PLAINTIFF, | ) ) | |
| vs. | ) ) | CAUSE NO. 4:14-CV-5-RLM-PRC |
| MICHAEL A. ROBERTS, | ) ) ) | |
| DEFENDANT. | ) | |

## OPINION and ORDER

In Cass Circuit Court cause number 09C01-1101-MF-00003, plaintiff JPMorgan Chase Bank, National Association, successor by merger to Chase Home Finance LLC, recovered a judgment and decree of foreclosure against the owner of real property located at 1465 North State Road 17, Logansport, IN 46947. Chase purchased the property at the Sheriff's Sale, then filed a writ of assistance to evict defendant Michael A. Roberts, who claims he is a tenant of the premises. Mr. Roberts removed the state action to the Northern District of Indiana and filed an application to proceed *in forma pauperis* in the District Court. He claims the Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111-22, §§ 701-704, 123 Stat. 1632, 1660-1662 (2009) amended by Pub. L. No. 111-203, § 1484, 124 Stat. 1376, 2204 (2010), preempts state law, creates a private cause of action, and that a federal forum for state-law unlawful detainer actions won't disturb the balance of federal and state judicial responsibilities.

Pursuant to 28 U.S.C. § 1447(c), Chase moves to remand the case to state court and for payment of just costs and actual expenses, including attorney fees, incurred as a result of improper removal.

Mr. Roberts argues that Chase was required to assert a cause of action under the PTFA to evict a residential tenant of a foreclosed landlord, but Chase artfully pleaded its complaint to avoid the Act. A defendant can remove a state court civil action to federal district court on the basis of federal question if the suit asserts a claim or right arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1441. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law" in the complaint, Id., but can't avoid removal by failing to plead necessary federal questions. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998). When Congress intended for a federal law to replace or preempt a state law claim, "[a]rtful pleading on the part of a plaintiff to disguise federal claims by cleverly dressing them in the clothing of state-law theories will not succeed in keeping the case in state court," and the defendant may remove such claims. Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594, 596-597 (7th Cir. 2008). In Wescom Credit Union v. Dudley, No. CV

10-8203 GAF (SSx), 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010), the court found that the PFTA doesn't create a federal cause of action that replaces state-law unlawful detainer actions, so the Act doesn't preempt state law.

Mr. Roberts disagrees, and contends that a private, federal right of action exists under the PTFA. He cites Cort v. Ash, 422 U.S. 66, 78 (1975), and argues that he is one of the class for whose benefit the Act was enacted, the language of the Act, the legislative history, and the lack of any other specified enforcement mechanism indicate that the legislature intended to create a remedy, a cause of action is consistent with the underlying purpose of the Act, and while evictions are traditionally relegated to state law, Congress intended to break tradition. Chase cites several cases in the Ninth Circuit and one from the Northern District of Illinois in which courts have determined that the PTFA doesn't create a private cause of action. The courts found that nothing in the text of the statute explicitly creates a private cause of action and nothing in the legislative history, statutory language, or statutory context indicates that Congress intended to create a private cause of action. Falk v. Perez, No. 12 CV 1384, 2013 WL 5230632, at *16 (N.D. Ill. Sept. 12, 2013) (citing Logan v. U.S. Bank National Ass'n, 722 F.3d 1163, 1173 (9th Cir. 2013)); Martin v. LaSalle Bank Nat. Ass'n, No. 10CV1775 BTM(BGS), 2011 WL 9583, at *1 (S.D. Cal. Jan. 3, 2011); Nativi v. Deutsche Bank Nat. Trust Co., No. 09-06096 PVT, 2010 WL 2179885, at *4 (N.D. Cal. May 26, 2010). Mr. Roberts offers no new or different evidence regarding the text and legislative history of the Act, so the

court declines to find that a private cause of action exists under the PTFA or that the Act preempts state law.

Alternatively, Mr. Roberts claims the court has federal question jurisdiction pursuant to Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005), because the PTFA is essential to the claims and a federal forum won't disturb the balance of federal and state judicial responsibilities. As Mr. Roberts himself admits, however, state law traditionally controls evictions. Regardless, the PTFA isn't essential to Chase's claims against Mr. Roberts. The Act offers certain protections to bona fide tenants when the federally-related mortgaged property that they lease is foreclosed upon. Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat 1632, 1660-1661 (2009). The mortgagor under the contract, however, isn't a bona fide tenant. Id. Mr. Roberts claims that he is a bona fide tenant of the property. Chase contends that Mr. Roberts is the mortgagor and the borrower whose note and mortgage were the basis for the foreclosure action preceding the eviction. The docket sheet in Cass Circuit Court cause number 09C01-1101-MF-00003 lists Michael A. Roberts, Tina A. Roberts, and Warners Greenhouse as defendants. The complaint on note and to foreclose mortgage was filed on December 27, 2010. On November 14, 2012, default judgment was entered against Michael Roberts. As the mortgagor, Mr. Roberts isn't a bona fide tenant protected by the PTFA. Chase's claims don't raise a federal issue, and Chase properly asserted its claims in state court.

Chase claims that Mr. Roberts removed the case to federal court in order to delay and increase the cost of the proceedings. Consequently, Chase seeks attorney fees pursuant to 28 U.S.C. § 1447(c), which allows for recovery of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" in an order remanding the case. As the mortgagor, Mr. Roberts likely couldn't have sincerely believed he was also a tenant, or renter of the property, protected by the Protecting Tenants at Foreclosure Act. Neither party explains the timeline of events in the underlying state court action. Chase referred to, but didn't submit, the related state court documents. The court was able to glean from Mr. Roberts' removal notice and the public docket sheet in the underlying case that the property was sold back to Chase on January 16, 2013, and the first writ of assistance was entered in April 2013, but later withdrawn. A second writ of assistance was entered on January 9, 2014, and the Cass County Sheriff's Department sent a letter dated January 14, 2014, directing Mr. Roberts to vacate the property within a week. Mr. Roberts filed the notice of removal a few days later. The timing of the removal suggests that it was a delay tactic. But the facts the court was able to gather don't show that Mr. Roberts was *clearly* trying to delay the proceedings or increase the litigation costs. Regardless, under § 1447(c), prevailing parties are presumptively entitled to recover the attorney fees incurred in defending against removal, <u>Garbie v. DaimlerChrysler Corp.</u>, 211 F.3d 407, 411 (7th Cir.

2000), and Chase is entitled to its costs and other expenses, including attorney fees.

For the foregoing reasons, the court lacks jurisdiction over the underlying state court action. Accordingly, the court GRANTS Chase's motion to remand and for payment of just costs and any actual expenses, including attorney fees (Doc. No. 3), DIRECTS Chase to submit an itemized statement of its costs and actual expenses, and DENIES as moot Mr. Roberts' application to proceed *in forma pauperis* (Doc. No. 2).

SO ORDERED.

ENTERED: February 18, 2014

/s/ Robert L. Miller, Jr.
Judge
United States District Court